# Law Offices of Donald Yannella, P.C.
### Member of NY & NJ Bars
### Tel:  (212) 226-2883
### Fax:  (646) 430-8379
### Email:  nynjcrimlawyer@gmail.com

**70 Grand Avenue, Suite 100**                                         **233 Broadway, Suite 2370**
**River Edge, NJ  07661**                                                **New York, NY  10279**
                                                                         (Preferred mailing address)


November 30, 2018

Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    United States v. Christopher Morales, 15 Cr. 537 (VEC)

Dear Judge Caproni:

      I am counsel for Christopher Morales, who is scheduled to be sentenced on a violation of probation on December 5, 2018.  Mr. Morales admitted to the second specification, unlawful possession of marijuana and heroin residue on October 11, 2018. Because I will be on trial before the Hon. Naomi Reice Buchwald for up to two weeks starting Monday, December 3, 2018, I respectfully request that Mr. Morales' sentencing be adjourned until the week of December 17, 2018 (avoiding December 19th).  AUSA Samson Enzer informs me that he has no objection to the adjournment request.

      As set forth in the Presentence Report, Mr. Morales' addiction began when he became a major depressive after his mother died in November 2012. He was 23 years old at the time and used pain killers as a form of self-medication. (PSR 154, 168, 169).  After his federal arrest, Mr. Morales attended Samaritan Village on an outpatient basis six days a week, from December 2015 until June 2016, where he was prescribed methadone maintenance.  The methadone quantity was incrementally decreased while Mr. Morales was under Pretrial Supervision and home detention. (PSR 169).  On April 13, 2017, Mr. Morales was sentenced to a term of five years' probation.

      Mr. Morales concedes that he made a series of poor choices while on probation.  For example, shortly after starting the probationary term, he reverted to drug use. At that point he

Hon. Valerie E. Caproni
Page 2 of 3
November 30, 2018

had performed approximately 40 hours of community service at a program called Exodus, located on 125th Street in Manhattan. Approximately four months into the term of probation, the Court modified the conditions of probation to include an in-patient drug treatment program.

Although he ceased performing community service during his in-patient treatment, the following year was productive.  On August 1, 2017, he entered Serendipity in-patient and mental health treatment program. Just over a year later, on August 3, 2018, he graduated from Serendipity.

While the events on October 11, 2018, as described in the Probation Department's violation memorandum, are disturbing, we ask Your Honor to view Mr. Morales' violation in the larger context of his sustained compliance.  For most of the time period that he has been on probation, from August 1, 2017 to August 3, 2018, Mr. Morales abstained from using drugs, participated in counseling, and followed the mandates of both his drug treatment program and the United States Probation Department.

Although Mr. Morales never reported to Probation after graduating from Serendipity on August 3, 2018, he did not actively flee or prepare to live long term as a fugitive. Mr. Morales told his counselor at Serendipity, Mr. Jones, that he would be living at his girlfriend's father's address. Moreover, his counselor faxed that new address to the United States Probation Department.

The reason that Mr. Morales failed to report to Probation was that he reverted to drug use shortly after leaving Serendipity. He attributes this to anxiety about becoming homeless or a burden on others. While he was in Serendipity, Mr. Morales's name had taken off the lease of the apartment in which he had lived for 22 years.  When he graduated from Serendipity, the apartment was occupied by Mr. Morales' brother, and Mr. Morales was not welcome.

Mr. Morales moved into the apartment of his girlfriend, Anna Herrera-Gomez.  Ms. Herrera-Gomez confirms that she permitted Mr. Morales to stay with her starting in August 2018.  Her father, who usually lived in the apartment, was in the Dominican Republic between April and October 2018, recovering from surgery.  Ms. Herrera-Gomez made it clear that Mr. Morales would have to move out once her father returned.

At that point, Mr. Morales could not summon the courage to appear at the Probation

Hon. Valerie E. Caproni
Page 3 of 3
November 30, 2018

Department where a urine sample would trigger violation proceedings for drug use. Yet if that constitutes hiding, it was hiding in plain sight. He had been in a relationship with Ms. Herrera-Gomez for over a decade, and they had two children together, ages three and ten.  The Probation Department would eventually have come looking for him there.  Those children are now in the custody of Ms. Herrera-Gomez's father due to intervention by the Administration for Children's Services.

Since sentence was imposed, Mr. Morales still has not taken the Graduate Equivalency Degree exam because he felt certain that he would fail. However, he took at least three months of courses at APEX technical school, stopping only in mid-September 2018, when he was staying in the apartment and using drugs. He had completed classes in plumbing and residential electric, and he was in a carpentry program when he withdrew.

The District Court has the option to revoke probation and resentence Mr. Morales on the underlying charges.  Instead, we ask the Court to continue probation, with the new condition that he once again enroll in an in-patient drug treatment program.  He regrets his poor choices between August 3, 2018 and October 11, 2018, which triggered these violation proceedings.

Mr. Morales had only one prior conviction, for selling marijuana, prior to this federal prosecution.  He therefore has demonstrated the ability to live a law-abiding life, so long as he abstains from using narcotics. The best way to promote success for Mr. Morales is not to send him to prison, but to afford him another opportunity to attend an in-patient program.  If any term of imprisonment is imposed, Mr. Morales asks that it not be more than ninety days, and that it be followed by an in-patient program.


Sincerely,

/s/

Donald J. Yannella, Esq.