# MAHER & PITTELL, LLP
ATTORNEYS AT LAW

*Reply To:*  
**42-40 Bell Blvd, Suite 302**  
**Bayside, New York 11361**  
**Tel (516) 829-2299**  
*jp@jpittell.com*

*Long Island Office*  
**10 Bond St, Suite 389**  
**Great Neck, New York 11021**  
**Tel (516) 829-2299**  
*jp@jpittell.com*

November 4, 2020

Hon. Valerie E. Caproni  
US District Judge  
40 Foley Square  
New York, NY 10007

Re: *U.S. v. Conyers, et. al, 15 cr 537 (VEC) {Wendell Belle}*

Dear Judge Caproni:

    I am counsel for Wendell Belle, in the above referenced matter.

    Please accept this letter in response to the Government's letter submitted earlier today, dated February 22, 2021, which encloses recent BOP disciplinary records.

    As referenced in my letter dated November 4, 2020, I contend that BOP disciplinary hearing records are circumspect. BOP disciplinary hearings are not bastions of due process. For example, Mr. Belle is not permitted to have an advocate on his behalf. The records indicate the hearing officers are MDC employees (i.e., coworkers of the accusing officers).

    A notable example of the tenuous nature of these records is the BOP's response to the assault upon Mr. Belle. As described in prior submissions, while in custody at MDC, Mr. Belle was the victim of a brutal knife slashing by two inmates. The assault resulted in his face being permanently disfigured. Despite having advance knowledge of a threat to Mr. Belle, the MDC staff did not prevent the attack and were slow to intervene. Incredibly, when Mr. Belle returned to MDC from the hospital, with 35 stitches on in his face, the MDC staff served him with a disciplinary infraction, for fighting, and sent him to the SHU. He then festered in the SHU for six weeks -- while recovering from a serious facial injury -- before a hearing was held. At the hearing, Mr. Belle explained what happened. Nonetheless, the hearing officer (a prison staff member) upheld the infraction because Mr. Belle admitted he "fought" back against his attackers. Mr. Belle was then subjected to various sanctions including a loss of good time, social visits and commissary privileges.

    My November 4th letter questioned whether that hearing was a bona fide investigation or undertaken in order to create a record aimed at avoiding potential liability (due to negligence) by blaming Mr. Belle for his injury. I submit the same concern holds true for the purported infractions

-- especially the one accusing him of making a sexual proposal -- referenced in the Government's February 22nd letter. Against the foregoing backdrop, I question whether the infraction is real or an instance of retaliation against Mr. Belle who seeks to exercise his legal right, for recovery of monetary damages, against the BOP.

    Additionally, it is unfair for these recent infractions to be considered in the context of Mr. Belle's sentencing scheduled for tomorrow. I was only notified of them today. I have not even had any opportunity to discuss them with Mr. Belle.

                                         Respectfully submitted,
                                         /s/
                                         Jeffrey G. Pittell

cc:    Gina Castellano, AUSA
       Other Government counsel of record (by ECF)
       Wendell Belle